MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRLAW.com
Lewis Roca Rothgerber LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(650) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
and RH US, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTH SEA RATTAN FURNITURE, INC., a North Carolina corporation,<br><br>Defendant. | Civil Case No.: 3:15-cv-00891-EDL<br><br>**The Honorable Magistrate Judge Elizabeth D. Laporte**<br><br>**PLAINTIFFS RESTORATION HARDWARE, INC. AND RH US, LLC'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "RH") hereby submit this Case Management Statement and Proposed Order pursuant to the Court's Case Management Order (Doc. No. 19) and Civil Local Rule 16-9.

**1.    Jurisdiction and Service:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for patent infringement in violation of 35 U.S.C. § 1, *et seq*.

After Defendant was notified of this suit, RH and Defendant agreed to the basic terms of settlement. A standard settlement agreement was drafted, which

Defendant reviewed and indicated they had no major problems with. Since July 30, 2015, RH has been awaiting return of the executed settlement agreement from Defendant. However, each week, Defendant promised to respond to RH but has not done so. The last communication RH had with Defendant was on August 13, at which time Defendant promised to get back to RH the following week.

To date, RH has received no response. RH has been requesting extensions of the case management conference in hopes of resolving this matter amicably. In light of the recent events, RH believes settlement discussions have stalled. Accordingly, RH has arranged for service of process and intends to proceed with litigation.

**2. Facts:**

RH is an innovative and popular luxury brand for home furnishings. RH holds design patents for its furniture designs. RH alleges that Defendant sells products that violate RH's patents. RH brought this action for damages and other appropriate relief.

**3. Legal Issues:**

- RH's ownership of the patents-in-suit;
- Whether Defendant has infringed the patents-in-suit; and
- The amount of damages Defendant should pay RH.

**4. Pending And Anticipated Motions:**

None.

**5. Anticipated Pleading Amendments:**

None.

**6. Evidence Preservation:**

RH's counsel certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Because Defendant has not been served, there has not been a conference held regarding reasonable and proportionate steps taken to preserve electronic evidence. However, RH confirms that it has taken

1  steps to preserve evidence relevant to the issues reasonably evident in this action.

2  **7.   Disclosures:**

3  Because Defendant has not been served, the parties have not conducted a Rule
4  26(f) conference and have not discussed a proposed discovery plan.

5  **8.   Discovery:**

6  Because Defendant has not been served, the parties have not conducted a Rule
7  26(f) conference and have not discussed a proposed discovery plan.

8  **9.   Class Actions:**

9  Not applicable.

10 **10.  Related Cases:**

11 RH has filed several enforcement actions in this district against other
12 infringers of RH's intellectual property:

13 - *Restoration Hardware, Inc., et al. v. South Sea Rattan Furniture, Inc.*,
14   Case No. 3:15-cv-00891-EDL;
15 - *Restoration Hardware, Inc. et al. v. Stanislaus Funding, Inc. et al.*,
16   Case No. 3:15-00892-EDL;
17 - *Restoration Hardware, Inc. et al. v. Chicago Wicker & Trading Co.*,
18   Case No. 3:15-00894-EDL;
19 - *Restoration Hardware, Inc., et al. v. Heng Zhong*,
20   Case No. 4:15-cv-00937-KAW;
21 - *Restoration Hardware, Inc., et al. v. HFONC, Inc., et al.*,
22   Case No. 4:15-cv-00954-DMR;
23 - *Restoration Hardware, Inc., et al. v. Light in the Box Ltd.*,
24   Case No. 4:15-cv-00924-KAW;
25 - *Restoration Hardware, Inc., et al. v. Patio Shoppers, Inc.*,
26   Case No. 4:15-cv-00936-DMR;
27 - *Restoration Hardware, Inc., et al. v. PHX Lighting, LLC*,
28   Case No. 3:15-cv-00918-EDL;

- *Restoration Hardware, Inc. et al. v. Topson Lighting, Ltd.*, Case No. 5:15-cv-00938-HRL; and
- *Restoration Hardware, Inc. et al. v. HomeLava Ltd.*, Case No. 3:15-cv-00926-EDL.

In an order dated May 12, 2015, in *Restoration Hardware, Inc., et al. v. South Sea Rattan Furniture, Inc.*, Case No. 3:15-cv-00891-EDL, (Doc. 13) Magistrate Judge Elizabeth D. Laporte determined that the following cases are related under local Civil Rule 3-12:

- *Restoration Hardware, Inc., et al. v. South Sea Rattan Furniture, Inc.*, Case No. 3:15-cv-00891-EDL;
- *Restoration Hardware, Inc. et al. v. Stanislaus Funding, Inc. et al.*, Case No. 3:15-00892-EDL; and
- *Restoration Hardware, Inc. et al. v. Chicago Wicker & Trading Co.*, Case No. 3:15-00894-EDL.

Each of these cases have been assigned to Magistrate Judge Laporte. With respect to the other cases, while RH does not believe they are related cases under Civil Local Rule 3-12 because they involve different defendants selling different products, RH does not oppose assignment to a single judge. *See, e.g.*, *EIT Holdings LLC v. Yelp!, Inc.*, No. C 10–05623 WHA, 2011 WL 2192820, 2 (N.D. Cal. May 12, 2011) ("Given the disparity in defendants, websites, and other disparate issues discussed herein like damages, willfulness, and discovery supervision, it is worth adding that the allegations against each defendant would *not* be related under our civil local rules even if brought here as separate actions. *See* Civil L.R. 3–12(a)(2)").

**11.  Relief:**

RH seeks both injunctive relief and damages under the Patent Act.

**12.  Settlement and ADR:**

The parties were engaging in settlement discussions but those discussions

have stalled.

**13.   Consent to Magistrate For All Purposes:**

RH has consented to the Magistrate Judge assigned to this case for all purposes.

**14.   Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

Because Defendant has not been served, the parties have not discussed narrowing the issues.

**16.   Expedited Trial Procedure:**

Because Defendant has not been served, the parties have not discussed whether this case can be handled under the Expedited Trial Procedures.

**17.   Scheduling:**

Because Defendant has not been served, the parties have not discussed discovery scheduling.

**18.   Trial:**

RH did not demand a jury trial. RH preliminarily estimates that a bench trial would require between 3 to 5 trial days.

**19.   Disclosure of Non Party Interested Entities or Persons:**

RH has filed its certification of interested entities or persons. Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiffs Restoration Hardware, Inc. and RH US, LLC are each direct or indirect wholly owned subsidiaries of Restoration Hardware Holdings, Inc., a publicly traded Delaware corporation.

Pursuant to Civil Local Rule 3-15, the undersigned certifies that, as of this date, other than the named parties, there are no entities or persons who have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of

the proceeding.

**20. Professional Conduct:**

RH's counsel of record has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters That Would Facilitate a Just, Speedy and Inexpensive Disposition of this Matter:**

RH has arranged for service of process but as of this date, service has not been complete. In light of this, RH requests that the Case Management Conference be continued for fourteen (14) days. Once RH completes service, its counsel will arrange the necessary conferences with opposing counsel, discuss the relevant matters required under Rule 26 and local rules.

Respectfully submitted,

Dated: August 25, 2015    By:  /s/ Aaron D. Johnson
MICHAEL J. MCCUE
AARON D. JOHNSON
Lewis Roca Rothgerber LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(650) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
and RH US, LLC.

# CASE MANGEMENT ORDER

Based on the **PLAINTIFFS RESTORATION HARDWARE, INC. AND RH US, LLC'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** filed by Plaintiffs on August 25, 2015, the Court hereby continues the Case Management Conference for this case for 14 days until _____September 15__, 2015 at __10:00__ am/~~pm~~. All related deadlines under Federal Rules of Civil Procedure 16 and 26 and applicable case management and discovery local rules and standing orders shall be continued to accord with the new conference date.

IT IS SO ORDERED

Dated: August 26, 2015



By: _____
The Honorable Magistrate Judge
Elizabeth D. Laporte